1
2
3
4
5
6
7                        IN THE UNITED STATES DISTRICT COURT

8                       FOR THE EASTERN DISTRICT OF CALIFORNIA

9    DEREK TODD,

10              Plaintiff,                        No. 2:13-cv-218-KJM-EFB PS

11         vs.

12   JEFFREY WOOD, BAR # 206399;
     SANDRA HOFFMAN,
13
                Defendants.                       FINDINGS AND RECOMMENDATIONS
14
     _____/
15

16         This case, in which plaintiff is proceeding *in propria persona*, was referred to the

17   undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff seeks

18   leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Plaintiff's declaration makes

19   the showing required by 28 U.S.C. § 1915(a)(1) and (2).  *See* Dckt. No. 2.  Accordingly, the

20   court will recommend that the request to proceed *in forma pauperis* be granted.  28 U.S.C. §

21   1915(a).

22         Determining plaintiff may proceed *in forma pauperis* does not complete the required

23   inquiry.  Pursuant to § 1915(e)(2), the court is directed to dismiss the case at any time if it

24   determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to

25   state a claim on which relief may be granted, or seeks monetary relief against an immune

26   defendant.

                                                 1

1    Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,

2    520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if

3    it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

4    *Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41

5    (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of

6    his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of

7    a cause of action's elements will not do. Factual allegations must be enough to raise a right to

8    relief above the speculative level on the assumption that all of the complaint's allegations are

9    true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable

10   legal theories or the lack of pleading sufficient facts to support cognizable legal theories.

11   *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

12   In reviewing a complaint under this standard, the court must accept as true the allegations

13   of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740

14   (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in

15   the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A *pro se* plaintiff must

16   satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule

17   8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the

18   pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the

19   grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007)

20   (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

21   Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only

22   those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins.*

23   *Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 &

24   1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question

25   jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2)

26   allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or

2

(3) be authorized by a federal statute that both regulates a specific subject matter and confers

federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity

jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the

matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World*

*Airlines, Inc*., 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction

of the federal courts unless demonstrated otherwise. *Kokkonen,* 511 U.S. at 376-78. Lack of

subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys*

*Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Plaintiff's complaint is brought under 42 U.S.C. §§ 1981, 1983, and 1985 against Placer

County District Attorney Jeffrey Wood and Sondra Hoffman, the mother of plaintiff's daughter.

Dckt. No. 1 at 3-4. Plaintiff alleges that Hoffman has violated California Penal Code 278.5(a) by

failing to abide by the child custody and visitation order regarding plaintiff's daughter, and that

as a result, he requested that defendant Wood prosecute her for those violations. *Id.* at 2-3.

However, Wood refused to prosecute Hoffman. *Id.* at 3. Plaintiff contends that Wood deprived

plaintiff of his right to protective services, and that Wood and Hoffman conspired to deprive

plaintiff of his right to custody and visitation with his daughter, and his right to equal protection

under the Fourteenth Amendment. *Id.* at 3, 4, 10.

To state a claim under § 1983, plaintiff must allege: (1) the violation of a federal

constitutional or statutory right; and (2) that the violation was committed by a person acting

under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Here, plaintiff alleges

that by failing to prosecute Hoffman, Wood violated his constitutional rights. However,

"[p]rosecutors are absolutely immune from liability under § 1983 for their conduct insofar as it is

'intimately associated' with the judicial phase of the criminal process." *Botello v. Gammick*, 413

F.3d 971, 975 (9th Cir. 2005); *Burns v. Reed*, 500 U.S. 478, 486 (1991). As a state prosecuting

attorney, acting within the scope of his duties in the investigation and possible pursuit of a

criminal prosecution, Wood is fully protected by absolute immunity. *Imbler v. Pachtman*, 424

U.S. 409, 430-31 (1976); *Botello*, 413 F.3d at 976 (it is "well established that a prosecutor has absolute immunity for the decision to prosecute a particular case"); *Roe v. City and County of San Francisco*, 109 F.3d 578, 583 (9th Cir. 1997) (prosecutor is entitled to absolute immunity for the decision not to prosecute); *Demery v. Kupperman*, 735 F.2d 1139, 1144 (9th Cir.1984) (prosecutors are absolutely immune from civil liability for post-litigation as well as pre-litigation handling of case).

Moreover, Hoffman is not a state actor and was not otherwise acting under color of law. *See Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) (The party charged with a constitutional deprivation under § 1983 must be a person who may fairly be said to be a governmental actor) (citation and quotations omitted).  Section "1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong." *Id.* (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted)). Therefore, Hoffman cannot be liable under § 1983.

Plaintiff's claim that Wood and Hoffman also violated § 1981 must also be dismissed. Section 1981 provides that "[a]ll persons shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981.  First, plaintiff does not allege that he was discriminated against on the basis of race.  *See Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474-75 (2006) (holding that § 1981 protects the equal right of all persons "without respect to race"); *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1123 (9th Cir. 2008) (holding that § 1981 "creates a cause of action only for those discriminated against on account of their race or ethnicity"); *White v. Wash. Pub. Power Supply Sys.*, 692 F.2d 1286, 1290 (9th Cir. 1982) (holding that it is "well settled that section 1981 only redresses discrimination based on plaintiff's race"); *Longariello v. Phoenix Union High School Dist.*, 2009 WL 4827014, at *5 (D. Ariz. Dec. 15, 2009) (granting motion to dismiss Section 1981 claim because complaint did not allege that the plaintiff was a member of a racial minority).  Further, plaintiff's complaint does not allege a contractual relationship between himself and either of the defendants, nor does

he provide any facts which would suggest the possibility of such a relationship existing. *Domino's Pizza, Inc.*, 546 U.S. at 479-80; *Schiff v. Barrett*, 2010 WL 2803037, at *4 (E.D. Cal. July 14, 2010) (providing that to state a claim under § 1981 a plaintiff must identify an "impaired contractual relation" by showing that intentional racial discrimination prevented the creation of a contractual relationship or impaired an existing contractual relationship).  Therefore, plaintiff's § 1981 claim must be dismissed.

Finally, although plaintiff purports to state a conspiracy claim under 42 U.S.C. § 1985, that claim must be dismissed.  Section 1985(3) creates a civil action for damages caused by two or more persons who "conspire . . . for the purpose of depriving" the injured person of "the equal protection of the laws, or of equal privileges and immunities under the laws" and take or cause to be taken "any act in furtherance of the object of such conspiracy." 42 U.S.C. § 1985(3).  The elements of a § 1985(3) claim are: (1) the existence of a conspiracy to deprive the plaintiff of the equal protection of the laws; (2) an act in furtherance of the conspiracy; and (3) a resulting injury. *Addisu v. Fred Meyer, Inc*., 198 F.3d 1130, 1141 (9th Cir. 2000) (citing *Scott v. Ross*, 140 F.3d 1275, 1284 (9th Cir. 1998)).  The first element requires that there be some racial or otherwise class-based "invidious discriminatory animus" for the conspiracy.  *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268-69 (1993); *Trerice v. Pedersen*, 769 F.2d 1398, 1402 (9th Cir. 1985).  Moreover, a plaintiff cannot state a conspiracy claim under § 1985 in the absence of a claim for deprivation of rights under 42 U.S.C. § 1983.  *See Caldeira v. Cnty. of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989) (holding that "the absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations"), cert. denied, 493 U.S. 817 (1989).  Here, plaintiff has not adequately alleged any deprivation of his constitutional rights, nor has he alleged that there was any agreement or "meeting of the minds" by the defendants to deprive plaintiff of those constitutional rights.  He also has not alleged any facts demonstrating that there was any invidiously discriminatory, racial or class-based animus on the part of defendants.

1    Therefore, the court will recommend this action be dismissed without leave to amend.

2    *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (While the court ordinarily would permit a

3    pro se plaintiff to amend, leave to amend should not be granted where it appears amendment

4    would be futile).

5    Accordingly, IT IS HEREBY RECOMMENDED that:

6    1.  Plaintiff's request for leave to proceed *in forma pauperis* be granted;

7    2.  The complaint be dismissed without leave to amend; and

8    3.  The Clerk be directed to close this case.

9    These findings and recommendations are submitted to the United States District Judge

10    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

11    after being served with these findings and recommendations, any party may file written

12    objections with the court and serve a copy on all parties.  Such a document should be captioned

13    "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

14    within the specified time may waive the right to appeal the District Court's order. *Turner v.*

15    *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

16    DATED:  February 8, 2013.

17

18    EDMUND F. BRENNAN
       UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26