IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEREK TODD,

      Plaintiff,                                    No. 2:13-cv-218-KJM-EFB PS

    vs.

JEFFREY WOOD, Bar # 206399;
SANDRA HOFFMAN,

      Defendants.                     <u>ORDER</u>
_____/

        On February 8, 2013, the magistrate judge filed findings and recommendations, which were served on the parties and which contained notice that any objections to the findings and recommendations were to be filed within fourteen days. No objections were filed.

        The court presumes that any findings of fact are correct. *See Orand v. United States,* 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Having carefully reviewed the file, the court finds portions of the findings and recommendations to be supported by the record and by the proper analysis, and portions not.

        Plaintiff alleges that he asked defendant Wood, the Placer County District Attorney, to bring criminal charges against Hoffman, the mother of plaintiff's child, because Hoffman repeatedly violated visitation orders issued by Placer County Superior Court, but that

1

Hoffman refused to do so. He contends that the two defendants conspired to deprive plaintiff of rights to custody and visitation with his daughter and his Fourteenth Amendment rights to equal protection of the laws, under a "class of one" theory, and to the state's protective services. ECF No. 1 at 2-3.

The magistrate judge properly concluded that defendant Wood is absolutely immune for his alleged refusal to institute criminal proceedings against defendant Hoffman. *See, e.g.*, *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). He also determined that any claims against Hoffman should be dismissed because Hoffman is not a state actor. However, a private party may be deemed to have acted under color of state law when that party has acted jointly with state officials. It does not matter that the state official with whom the private party allegedly conspired is immune from liability. *Dennis v. Sparks*, 449 U.S. 24, 27-29 (1980); *Rezek v. City of Tustin*, No. SACV 11–01601 DOC (RNBx), 2012 WL 5829928, at *4 (C.D. Cal. Nov. 15, 2012). Because the magistrate judge incorrectly determined that Hoffman could not be acting under color of state law, he did not screen the complaint to determine whether it stated a claim against Hoffman.

Accordingly, IT IS ORDERED that:

1. The Findings and Recommendations filed February 8, 2013, are ADOPTED insofar as they recommend dismissal of the action as to defendant Wood, but NOT ADOPTED insofar as they recommend dismissal of the § 1983 action against defendant Hoffman;

2. Plaintiff's request for leave to proceed in forma pauperis is granted; and

3. The case is remanded to the magistrate judge for further screening. This court expresses no opinion on whether the complaint adequately pleads Hoffman's participation in

/////
/////
/////
/////

1 joint action with Wood or whether it states a claim for a violation of plaintiff's Fourteenth
2 Amendment rights.
3 DATED: June 14, 2013.

_____
UNITED STATES DISTRICT JUDGE