UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK TODD,<br><br>                Plaintiff,<br><br>        v.<br><br>JEFFREY WOOD, BAR # 206399;<br>SANDRA HOFFMAN,<br><br>                Defendants. | No.  2:13-cv-218-KJM-EFB PS<br><br><u>ORDER AND FINDINGS AND</u><br><u>RECOMMENDATIONS</u> |

        This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).  An order and findings and recommendation were previously issued granting plaintiff's request for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and recommending that plaintiff's claims under 42 U.S.C. §§ 1981, 1983, and 1985 against defendants Wood and Hoffman be dismissed without leave to amend.  ECF No. 3.

        On September 30, 2014, the assigned district judge issued an order adopting in part the findings and recommendations.  ECF No. 10.  The order found that Wood is absolutely immune from suit, and dismissed plaintiff's claims against that defendant.  *Id*.  However, the order concluded that the findings and recommendations did not consider whether Hoffman could be considered a state actor based on the Supreme Court's holding in *Dennis v. Sparks*, 449 U.S. 24,

1

27 (1980) (holding that a private party may be considered to have acted under color of state law when the party "is a willful participant in joint action with the State or its agents."). The order noted that the "court expresses no opinion on whether the complaint adequately pleads Hoffman's participation in joint action with Wood or whether it states a claim for a violation of plaintiff's Fourteenth Amendment rights." *Id*. at 2-3. Accordingly, the matter was referred to the undersigned for further screening. *Id*. at 2.

In the meantime, on February 3, 2014 and prior to the district judge's order, plaintiff filed a request to amend the complaint together with a first amended complaint. ECF No. 9. That motion is addressed herein along with further screening of plaintiff's complaint.

<u>Leave To Amend</u>

Rule 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Rule 15(a)(2) provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The policy of freely granting leave to amend should be applied with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). When determining whether to grant leave to amend under Rule 15(a), a court should consider the following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). According to the Ninth Circuit, "the crucial factor is the resulting prejudice to the opposing party," and the burden of showing that prejudice is on the party opposing amendment. *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *DCD Programs,* 833 F.2d at 187. Granting or denying leave to amend rests in the sound discretion of the trial court, and will be reversed only for abuse of discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).

/////

Here, defendants will not suffer any prejudice as they have not yet appeared or even been served in this action. Accordingly, the court will grant plaintiff's motion to amend and screen plaintiff's first amended complaint pursuant to 28 U.S.C. § 1915(e)(2). As explained in the February 8, 2013 findings and recommendations, although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction

requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen*, 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Plaintiff's first amended complaint is brought under 42 U.S.C. §§ 1983 and 1985 against County District Attorney Jeffery Wood and Sondra Hoffman, the mother of plaintiff's daughter. ECF No. 9. Plaintiff alleges that Hoffman violated California Penal Code 278.5(a) by failing to abide by the child custody and visitation order regarding plaintiff's daughter, and that as a result, he requested that defendant Wood prosecute her for those violations. *Id*. at 3. However, Wood refused to prosecute Hoffman. *Id*. at 3-4. Plaintiff contends that Wood deprived plaintiff of his right to protective services, and that Wood and Hoffman conspired to deprive plaintiff of his visitation rights with his daughter, his right to equal protection and due process under the Fourteenth Amendment, and his right to familial association under the First Amendment. *Id*. at 5, 8-9.

Although the complaint alleges claims against defendant Wood, that defendant already has been dismissed without leave to amend. ECF No. 10. Accordingly, the court does not address further plaintiff's claims against Wood. As for defendant Hoffman, the question remained whether plaintiff can state facts sufficient to demonstrate Hoffman either acted under color of state law, or acted in concert with state actors. As discussed below, the first amended complaint fails to state sufficient facts to establish either.[1]

---

[1] To state a claim under § 1983, plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under

A private party may be considered to have acted under color of state law when the party "is a willful participant in joint action with the State or its agents." *Dennis v. Spartks*, 449 U.S. 24, 27 (1980). To establish joint action between state actors and a private party, a plaintiff must establish "an agreement or 'meeting of the minds' to violate constitutional rights." *Fonda v. Gray*, 707 F.2d 435, 438 (9th Cir. 1983). Mere acquiescence to the wrongful conduct is insufficient. *Id*. Rather, the plaintiff must demonstrate that each participant "share[d] the general conspiratorial objective." *Id*.

Plaintiff alleges that Wood and Hoffman conspired together to deprive plaintiff of his constitutional rights and his court-ordered visitations with his daughter. ECF No. 9 at 5, 9-10. Plaintiff alleges that Wood gave him bad legal advice that helped Hoffman, *id*. at 9, and that Hoffman "gained significant aid" from Wood's decision to not prosecute Hoffman. *Id*. at 10. Plaintiff further claims that "Wood shared Defendant Hoffman's common objective to deprive" plaintiff of his visitation rights. Plaintiff's allegations fail to demonstrate that the defendants had an agreement or acted in concert to violate his constitutional rights. Instead, plaintiff provides his conclusions that defendants conspired against him and shared a common objective. Plaintiff, however, provides no facts in support of this conclusion. Instead, he simply alleges that Wood's decision to not prosecute plaintiff resulted in a benefit to Hoffman. These allegations are insufficient to establish that Hoffman reached an agreement with Wood. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (A court cannot "accept as true allegations that are merely conclusory, unwarranted deduction of fact, or unreasonable inferences."). Accordingly, plaintiff has failed to allege that Hoffman is a state actor and therefore fails to state a claim under section 1983.

Plaintiff also fails to allege facts sufficient to demonstrate a conspiracy claim under 42 U.S.C. § 1985. To state a claim for conspiracy to violate constitutional rights, the plaintiff must establish (1) the existence of a conspiracy to deprive the plaintiff of the equal protection of the

---

the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). There are no allegations that Hoffman is a state actor but plaintiff claim that Hoffman conspired with Wood, who did act under color of state authority. ECF No. 9 at 10-12.

laws; (2) an act in furtherance of the conspiracy; and (3) a resulting injury. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1141 (9th Cir. 2000) (citing *Scott v. Ross*, 140 F.3d 1275, 1284 (9th Cir. 1998)). Further, a plaintiff cannot state a conspiracy claim under § 1985 in the absence of a claim for deprivation of rights under 42 U.S.C. § 1983. *See Caldeira v. Cnty. of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989) (holding that "the absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations"), *cert. denied*, 493 U.S. 817 (1989). As discussed above, plaintiff's complaint fails to allege facts sufficient to show a cognizable claim under section 1983. For the above reasons, plaintiff's section 1985 claim must also be dismissed.

Furthermore, the court notes that plaintiff has now filed at least 11 actions in this court in which he names Ms. Hoffman as a defendant, many of which involved custody disputes between the plaintiff and Ms. Hoffman. *Todd v. Bevins*, 2:12-cv-708 KCE KJN PS (E.D. Cal); *Todd v. McElhany*, 2:12-cv-1378 MCE EFB PS (E.D. Cal.); *Todd v. Wang*, 2:12-cv-1769 GEB JFM PS (E.D. Cal.); *Todd v. Bahrke*, 2:13-cv-657 JAM CKD PS (E.D. Cal.); *Todd v. Ellis*, 2:13-cv-1016 TLN KJN PS (E.D. Cal.); *Todd v. Talton*, 2:13-cv-1596 (E.D. Cal); *Todd v. Ross*, 2:13-cv-1860 LKK DAD PS (E.D. Cal.); *Todd v. Chatters*, 2:13-cv-2007 KJM DAD PS (E.D. Cal); *Todd v. Drozd*, 2:13-cv-2071 KJM CKD PS (E.D. Cal.); *Todd v. Hoffman*, 2:14-mc-13 TLN EFB (E.D. Cal); *Todd v. Carringer*, 2:14-mc-98 TLN CKD PS (E.D. Cal). In at least three other actions plaintiff asserted claims against law enforcement defendants based on their alleged failure to adequately respond to his allegations of child abuse against his children. *See Todd v. Briesenick*, 2:12-cv-856 MCE GGH PS (E.D. Cal.); *Todd v. Briesenick*, 2:13-cv-752 KJM KJN PS (E.D. Cal.); *Todd v. Briesenick*, 2:13-cv-2231 JAM CKD PS (E.D. Cal). Each case was dismissed with prejudice. *See Todd v. Briesenick*, 2:12-cv-856 MCE GGH PS, ECF No. 5; *Todd v. Briesenick*, 2:13-cv-752 KJM KJN PS, ECF No. 8; *Todd v. Briesenick*, 13-cv-2231 JAM CKD PS, ECF No. 6. In a fourth action filed subsequent to the instant case, plaintiff was declared a vexatious litigant and is now subject to a prefiling screening order. *See Todd v. Canby*, 2:13-cv-1018 GEB AC PS, ECF No. 5.

/////

1      While plaintiff and Ms. Hoffman clearly have strong, even bitter disputes over child

2 custody issues, plaintiff has yet to articulate a cognizable federal claim that warrants federalizing

3 that dispute.  In light of the deficiencies in the first amended complaint, as well as plaintiff's

4 history of filing frivolous actions, it does not appear that the defects of the complaint may be

5 cured by amendment.  Accordingly, it is recommended that the complaint be dismissed without

6 leave to amend pursuant to 28 U.S.C. 1915(e)(2).  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir.

7 1987) (While the court ordinarily would permit a pro se plaintiff to amend, leave to amend should

8 not be granted where it appears amendment would be futile).

9      Accordingly, it is hereby ORDERED that plaintiff's motion to amend the complaint, ECF

10 No. 9, is granted.

11      Further, it is RECOMMENDED that plaintiff's first amended complaint be dismissed

12 without leave to amend and the Clerk be directed to close this case.

13      These findings and recommendations are submitted to the United States District Judge

14 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

15 after being served with these findings and recommendations, any party may file written

16 objections with the court and serve a copy on all parties.  Such a document should be captioned

17 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

18 within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

19 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

20 DATED:  March 31, 2015.

21

22                                    EDMUND F. BRENNAN
                                   UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28